ROBERT LUCAS, APPELLEE, V. FRIENDLY LUCAS, APPELLANT.

FILED MARCH 19, 1902. No. 11,451.

1. **Parol Contract:** SPECIFIC PERFORMANCE: STATUTE OF FRAUDS. Plaintiff brought an action for specific performance of a parol contract for the sale of real estate. The evidence disclosed full performance of its conditions by the vendee, and partial performance by the vendor, who had executed a conveyance of a part of the real estate included in the contract, but refused to convey the whole of it because of an alleged failure of a part of the consideration, to support which there was no evidence. *Held,* That the statute of frauds would not prevent a court of equity from decreeing specific performance.

2. ——— —: ———: COURT OF EQUITY. Specific performance of a parol contract will be enforced by a court of equity where one party has wholly and the other partly performed it, and its non-fulfillment on the one hand would amount to a fraud on the party who has fully performed it. *Kofka v. Rosicky*, 41 Nebr., 328.

APPEAL from the district court for Pierce county. Tried below before ALLEN, J.   *Affirmed.*

*O. J. Frost,* for appellant.

*B. F. Barnhart, contra.*

HOLCOMB, J.

The appellant, defendant below, was the owner in fee of three certain lots located in the town of Pierce, Pierce county, Nebraska. The plaintiff, appellee, brought an action in equity to compel specific performance of an alleged oral contract for the sale of said lots entered into between him and the defendant prior thereto in Council Bluffs, in the state of Iowa, where the defendant was then living. The lots appear to be of little value and unimproved. The petition alleged, in substance, the contract of sale, giving the terms thereof; that the plaintiff had fully complied with and performed all the conditions thereof to be by him performed, and had fully paid the purchase price, and that the defendant had conveyed by warranty deed two of said lots; and that, although demanded so to do, she had neglected, failed and refused to convey, as by said contract she agreed to do, the other of said three lots. The answer admitted the receipt of the amount as alleged in the petition as the purchase price, the conveyance of the two lots and the refusal to convey the third one, because, as alleged, an account against a third party, which was to be assigned to vendor as a part of the consideration, was for a less sum than represented by the plaintiff. The reply was a general denial. All the evidence introduced was in behalf of the plaintiff and in support of his cause of action; the defend-

ant offering no evidence. The trial court decreed specific performance as prayed, and defendant appeals.

The only question presented is whether the pleadings and the evidence will support the decree rendered. This, we think, must be answered in the affirmative. The evidence shows conclusively that the full consideration agreed upon was paid by the vendee and received by the vendor, who was his sister. She conveyed two of the lots in pursuance of the agreement, and then arbitrarily refused to convey the third because, as alleged, but not proved, the account of the third party was for a less sum than represented. She has, under the evidence, received the full compensation agreed upon, and has undertaken on her part to execute the contract, to the extent of conveying two of the lots included in its terms, and, without lawful excuse, refusing to convey the other one because of the alleged misrepresentation. This she can not do. The contract is an entirety, and, having been performed to the extent stated, a court of equity would be warranted in compelling its complete execution, although it be not in writing. Not to do so would work a fraud on the vendee. He has in good faith executed the contract, and paid the full purchase price. The vendor has partially performed the agreement, and then undertakes to recoup herself for the alleged damage on account of misrepresentation by retaining title to a part of the property agreed to be conveyed, and interposes as a defense the statute of frauds to protect her in her claim, and avoid a complete execution according to the terms of the agreement. Equity and good conscience will not permit her to do this, and the trial court was justified, under the evidence, in directing specific performance of the oral contract as one partially performed, and to a degree which would except it from the operation of the statute of frauds. *Kofka v. Rosicky,* 41 Nebr., 328.

The decree of the district court is accordingly

AFFIRMED.